UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X
JUAN FRANCISCO GONALEZ NIEVES AS TRUSTEE OF THE GONZALEZ CORONADO TRUST, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

vs.

PERFORMANCE SPORTS GROUP LTD., KEVIN DAVIS, MARK VENDETTI, AND AMIR ROSENTHAL,

        Defendants.
-----------------------------------------------------------------------------X

CASE No.: 1:16-cv-03591-GHW

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE GONZALEZ CORONADO TRUST TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL

CLASS ACTION

Plaintiff Juan Francisco Gonzalez Nieves as Trustee of The Gonzalez Coronado Trust ("Movant") respectfully submits this memorandum of law in support of its motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing The Gonzalez Coronado Trust as Lead Plaintiff for the class of all purchasers or acquirers of the securities of Performance Sports Group Ltd. ("PSG" or the "Company"), between January 15, 2015 and March 14, 2016, inclusive (the "Class Period"); and

(2) approving Movant's selection of The Rosen Law Firm, P.A. and Bronstein, Gewirtz & Grossman, LLC as Co-Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On March 18, 2016 the action styled as *Brian Apel v. Performance Sports Group Ltd. et al*, Docket No. 2:16-cv-01881 (C.D. Cal.), (the "Apel Action"), was commenced against the Company and certain of its officers, and directors, for violations under the Exchange Act. That same day, a law firm issued an early notice pursuant to the PSLRA advising class members of,

*inter alia,* the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. On May 13, 2016, the instant action was filed with this Court against Defendants asserting the same facts and claims as the Apel Action. On May 17, 2016, Brian Apel voluntarily dismissed the Apel Action, without prejudice, so that this action could proceed in one jurisdiction.

The complaint alleges that throughout the Class Period Defendants issued false and misleading statements to investors and/or failed to disclose that: (1) Sports Authority's financial woes would impact PSG's financial performance; (2) the baseball and softball markets were in decline; (3) the consolidation of PSG's U.S. Hockey customers would create a smaller demand for hockey equipment; and (4) as a result, defendants' statements about PSG's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

## ARGUMENT

### I.      THE MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption that it is the "most adequate plaintiff" for the Class.

### A.    The Movant Is Willing to Serve as Class Representative

Movant has filed a complaint in this action, has timely filed the instant motion, and has filed herewith a PSLRA certification attesting that it is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.    The Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the Lax/Olsen-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, Sec. Litig., 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036*5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Movant acquired 3,000 shares and lost $39,750. *See* Ex. 3. Movant is not aware of any other movant that has suffered greater losses in PSG securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.* at 437.

#### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec.*

*Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by issuing false and misleading statements about the Company's business and financial condition. Movant's interests are closely aligned with the other Class members' and its interests are, therefore typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.2d. 201, 265 (3d Cir. 2001). Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from its investments in PSG securities and is, therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

>  (aa) will not fairly adequately protect the interest of the class; or
>
>  (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption that Movant is the most adequate lead plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class.

## II. THE MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A., and Bronstein, Gewirtz & Grossman, LLC as Co-Lead Counsel. The firms have been actively researching the Class Plaintiffs' claims including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Exs. 4-5. The firms have prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge to prosecute this action effectively

and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Movant respectfully requests the Court issue an Order (1) appointing the Movant as Lead Plaintiff of the class; (2) approving the Movant's selection of The Rosen Law Firm, P.A. and Bronstein, Gewirtz & Grossman, LLC as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: May 17, 2016  Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
Email: peretz@bgandg.com

[Proposed] Co-Lead Counsel for Plaintiffs and Class

## **CERTIFICATE OF SERVICE**

I hereby certify that on this on the 17th day of May, 2016, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE GONZALEZ CORONADO TRUST TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**, was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim