COHENMILSTEIN

Carol V. Gilden
(312) 357-0370
cgilden@cohenmilstein.com

January 10, 2018

***Via ECF***

The Honorable Gregory H. Woods
U.S. District Court
Southern District of New York
500 Pearl Street / Room 2260
New York, New York 10007

Re: *Nieves v. Davis et al.*
Case No. 16-3591 (GHW)

Dear Judge Woods:

I write on behalf of Lead Plaintiff Plumbers & Pipefitters National Pension Fund ("Lead Plaintiff") to advise the Court of a settlement reached between Lead Plaintiff, on behalf of itself and the Class, and former defendant Performance Sports Group, Ltd. ("PSG") in the context of the proofs of claim Lead Plaintiff filed in PSG's chapter 11 bankruptcy case.

PSG and certain of its affiliates ("Debtors") initiated voluntary bankruptcy proceedings in the U.S. Bankruptcy Court for the District of Delaware and parallel Canadian proceedings under the Companies' Creditors Arrangement Act in the Ontario Superior Court on October 31, 2016, a few days before Lead Plaintiff's Second Amended Complaint was due in this action. On November 3, 2016, Lead Plaintiff filed its Second Amended Complaint against Defendants Kevin Davis and Amir Rosenthal, but not PSG, in this Court. *See* ECF No. 86. Lead Plaintiff did not name PSG itself as a defendant because of the automatic bankruptcy stay. *Id.* n. 1.

On November 7, 2016, PSG filed a Suggestion of Bankruptcy and Notice of Operation of Automatic Stay, advising this Court of PSG's bankruptcy filing. *See* ECF No. 87. This Court stayed the entire action in light of PSG's bankruptcy filing. *See* ECF No. 102. On May 9, 2017, the Court lifted the stay as to Defendants Davis and Rosenthal. *See* ECF No. 109. After a pre-motion conference, motion to dismiss briefing ensued; the motions to dismiss filed by Defendants Davis and Rosenthal are fully briefed and pending before Your Honor. *See* ECF Nos. 114, 123, 124.

On February 6, 2017, Lead Plaintiff filed two proofs of claim against PSG in the United States bankruptcy proceedings: one on behalf of itself and one on behalf of the Class. Each proof of claim incorporated by reference and included as an exhibit the Second Amended Complaint filed in the case currently before Your Honor. Following extensive briefing in the U.S. bankruptcy proceedings, certain related briefing in the Canadian proceedings, and a heavily contested hearing held jointly before the bankruptcy court and the Canadian court regarding a motion by the statutory committee of PSG's equity security holders (the "Equity Committee") seeking to disallow Lead Plaintiff's proofs of claim, Lead Plaintiff, the Debtors, and the Equity Committee agreed to settle all issues related to Lead Plaintiff's two proofs of claim against PSG. The bankruptcy court approved a stipulation of settlement on November 1, 2017. *See In re Old BPSUSH Inc. et al.*, ECF No. 1466, Case No 16-12373 (KJC) (Bankr. D. Del.). The settlement was further embodied in the Debtors' chapter 11 plan (the "Chapter 11 Plan"), which the U.S. bankruptcy court confirmed and the Canadian court recognized on December 20, 2017, and which became effective on December 21, 2017. *Id.* ECF No. 1566, 1567.

In exchange for resolution of the two proofs of claim filed by Lead Plaintiff, the Debtors and the Equity Committee have agreed under the terms of the settlement to provide Lead Plaintiff and the Class with (1) $1,150,000 in cash, to be held in escrow for eventual distribution pursuant to a plan of allocation that will be approved by this Court at the resolution of this litigation, (2) a 40% share, capped at $2,500,000, of whatever litigation proceeds are recovered by the reorganized parent debtor and the holders of beneficial trust interests through litigation anticipated to be pursued by the trust formed pursuant to the Chapter 11 Plan, and (3) production of documents by the reorganized Debtors and the liquidation trust. *Id.* ECF No. 1466-1. Notice of the settlement was provided to the Class in connection with the Debtors' bankruptcy proceedings and pursuant to an order of the Bankruptcy Court. This settlement does not impact, and leaves intact in all respects, Lead Plaintiff's claims on behalf of the Class against Defendants Kevin Davis and Amir Rosenthal, which remain before this Court.

Counsel for Lead Plaintiff and the Class are available to discuss any questions the Court may have should the Court so desire.

Respectfully submitted,

Carol V. Gilden

Carol V. Gilden

Cc: All Counsel of Record (via ECF)