

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/20

**EDWARD A. FRIEDMAN**
efriedman@fklaw.com
212.833.1102

December 16, 2020

**BY ECF**                                                    **MEMORANDUM ENDORSED**

The Honorable Gregory H. Woods
U.S. District Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007-1312

        Re:    *Plumbers & Pipefitters National Pension Fund v. Davis*,
               No. 16-CV-3591-GHW

Dear Judge Woods:

        This firm represents defendant Amir Rosenthal. We respectfully submit this letter jointly with Baker & Hostetler LLP, counsel for defendant Kevin Davis, and with the consent of Cohen Milstein Sellers & Toll PLLC, counsel for Lead Plaintiff Plumbers & Pipefitters National Pension Fund (the "**Fund**"), pursuant to Rule 2(C) of Your Honor's Individual Rules of Practice to request a pre-motion conference regarding Defendants' anticipated Motion for the Issuance of a Letter of Request to Subpoena Foreign Nonparty W. Graeme Roustan (the "**Proposed Motion**").

        The Proposed Motion will ask this Court to issue a letter of request for assistance from the Superior Court of Justice (Ontario, Canada) to aid in securing discovery from W. Graeme Roustan ("**Roustan**"), a nonparty located in Ontario, Canada, who possesses information that is relevant to the claims and defenses at issue herein. Defendants understand that Roustan is a dual citizen of the United States and Canada, and they have attempted to effect service of Roustan in the United States. His counsel, however, has stated that Roustan is outside of the country and has not authorized him to accept service of subpoenas *duces tecum* and *ad testificandum* issued by Defendants. Therefore, Defendants believe that disclosure from Roustan may be obtained only through the issuance of a letter of request by this Court pursuant to FED. R. CIV. P. 28(b) and 28 U.S.C. § 1781(b)(2).

        The Fund does not intend to oppose the Proposed Motion.

**Factual and Legal Basis for the Relief Sought by the Proposed Motion**

        As the Court is aware, this action arises out of the 2016 stock price decline and subsequent bankruptcy of Performance Sports Group Ltd. ("**PSG**" or the "**Company**"). PSG was a leading developer and manufacturer of sporting goods, which it sold to thousands of worldwide retail customers under the Bauer (hockey) and Easton (baseball/softball and hockey) brands, among others.

The Honorable Gregory H. Woods - 2 - December 16, 2020

Defendants Davis and Rosenthal were, for most of the period preceding PSG's bankruptcy, the Company's CEO and CFO, respectively. Roustan was the non-executive chairperson of PSG's Board of Directors (the "**Board**") for over four years (from 2008 to 2012), and during the period immediately preceding PSG's stock price decline, he was engaged in a proxy contest seeking to rejoin the Company's Board. The allegations that he leveled against PSG leading up to and during that proxy contest are now relevant to the Fund's complaint (the Third Amended Complaint, or "**TAC**"), and Roustan himself is identified in the TAC as a "source" for its allegations. *See* TAC at 1 & ¶ 44 ("The sources for Lead Plaintiff's allegations regarding Defendants' fraudulent conduct were derived from the investigation of Lead Counsel, which included, among other things: (1) an interview of W. Graeme Roustan . . .").

Defendants seek to file the Proposed Motion to obtain discovery from Roustan necessary to evaluate and respond to allegations of the TAC that arise from Roustan's own conduct, as well as the information that Roustan supplied to the Fund and the Fund has now incorporated into the TAC.

For example, among other things, Roustan is alleged to have commissioned two "surveys" of certain of PSG's retail customers, asking these customers to respond to questions regarding certain aspects of PSG's strategies and operations. *See, e.g.*, TAC ¶¶ 20-21, 65-67, 168, 176, 189. The Fund has alleged that Roustan's "surveys" revealed "credible evidence" that PSG had been engaging in "extreme discounting . . . on some orders simply to make quarterly numbers," that PSG was perhaps "dumping products at below cost to make quarterly numbers," and that "several retailers [were] asked by [PSG] to move orders forward into an earlier quarter." *Id.* ¶ 20. The Fund relies, in part, on Roustan's alleged findings in support of its contention that PSG was engaged in "aggressive" sales practices that created risks that should have been disclosed to investors. *Id.* ¶¶ 22, 82, 119, 148, 172, 176, 189, 194, 198. Defendants believe that the so-called surveys were biased and unreliable, and that their purported results do not support the allegations that the Fund attaches to them. The Fund disputes Defendants' belief. Discovery from Roustan regarding these purported surveys, along with other allegations of the TAC, is therefore relevant to the Fund's claims and Defendants' defenses.

The burden to obtain cross-border discovery pursuant a letter of request is the same as that under Rule 26: the application must seek the discovery of evidence "that is relevant to any claim or defense of any party [ . . .], as well as information reasonably calculated to lead to the discovery of admissible evidence, even if such information is not admissible itself." *Blagman v. Apple, Inc.*, No. 12 CIV. 5453 ALC JCF, 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014). Defendants respectfully submit that this burden is easily met here, where Roustan is expressly named in the TAC as a "source" for its allegations. *See* TAC ¶ 44. Indeed, the parties agree that Roustan possesses information that is relevant to the claims and defenses in this litigation; both sides have identified him in their Rule 26(a) initial disclosures, and as noted, Lead Plaintiff does not intend to oppose the Proposed Motion.

\* \* \*

The Honorable Gregory H. Woods      - 3 -      December 16, 2020

        Accordingly, Defendants respectfully request that the Court schedule a pre-motion conference at such time as would be convenient for Your Honor.  In the alternative, in light of the Fund's non-opposition to the Proposed Motion, Defendants request that the Court authorize the filing of the Proposed Motion without convening a pre-motion conference.  Defendants are prepared to file the Proposed Motion immediately upon the Court's authorization to do so.

        We thank the Court for its attention to this matter and are available to discuss this or any other matter at the Court's convenience.

        Respectfully,

        *s/ Edward A. Friedman*

        Edward A. Friedman

cc:    All Counsel of Record (by ECF)

Application granted.  The Court waives the pre-motion conference requirement.  Defendants are granted leave to file their proposed motion.  The Court expects that *every* fact presented to the Court for inclusion in any request will be supported by a sworn affidavit provided by the movant.
SO ORDERED.

Dated:  December 16, 2020

        _____
        GREGORY H. WOODS
        United States District Judge