USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2022

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

PLUMBERS & PIPEFITTERS NATIONAL
PENSION FUND, and JUAN FRANCISCO
NIEVES, as Trustee of the Gonzalez Coronado
Trust, Individually and on Behalf of All Others
Similarly Situated,

<div style="margin-left:3em">Plaintiff,</div>

<div style="margin-left:1.5em">vs.</div>

Case No.: 1:16-cv-3591-GHW

KEVIN DAVIS and AMIR ROSENTHAL,

<div style="margin-left:3em">Defendants.</div>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

### ORDER AND FINAL JUDGMENT

WHEREAS, this matter came before the Court for hearing on November 18, 2022 (the "Final Approval Hearing"), on the unopposed application of United Association National Pension Fund, f/k/a Plumbers & Pipefitters National Pension Fund ("UANPF" or "Lead Plaintiff"), to determine (i) whether the terms and conditions of the Stipulation and Agreement of Settlement, dated December 1, 2021 (the "Stipulation" and the "Settlement," respectively) and the proposed Settlement embodied therein, are fair, reasonable, and adequate and should be approved by the Court; and (ii) whether a Judgment providing, among other things, for the dismissal with prejudice of this Action against Defendants as provided for in the Stipulation, should be entered; and

WHEREAS, the Court, in its Order dated July 14, 2022 (the "Preliminary Approval Order") directed that the Notice of Proposed Settlement (the "Notice") and a Proof of Claim Form, substantially in the forms attached as Exhibits A-1 and A-3 to the Preliminary Approval Order, be

1

mailed by first-class mail, postage pre-paid, within twenty-one (21) days following entry of the Preliminary Approval Order (the "Notice Date") to all putative Settlement Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency of Class Action and Proposed Settlement (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit A-2, be published in *Investors' Business Daily* and on *PR Newswire* as of fourteen (14) days after the Notice Date; and that the Settlement, Notice, and Proof of Claim Form be posted to a website dedicated to the administration of the Settlement on or before the Notice Date; and

WHEREAS, the Notice and the Summary Notice advised Class Members of the date, time, place and purpose of the Final Approval Hearing, and further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Settling Parties by October 28, 2022; and

WHEREAS, the provisions of the Preliminary Approval Order as to notice were complied with; and

WHEREAS, on October 14, 2022, Lead Plaintiff filed an unopposed motion  for final approval of the Settlement, as set forth in the Preliminary Approval Order; and

WHEREAS, the Final Approval Hearing was duly held before this Court on November 18, 2022, at which time all interested persons were afforded the opportunity to be heard; and

WHEREAS, this Court has considered all matters submitted to it at the Final Approval Hearing and all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.      This Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members and the Claims Administrator.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of settlement only, this Court finally certifies this Action as a class action with the Settlement Class defined as: all persons and entities that purchased or acquired the common stock of Performance Sports Group Ltd. ("PSG" or the "Company") on a U.S. stock exchange from January 15, 2015 through October 28, 2016, inclusive (the "Class Period"), so long as they also purchased at least one share of PSG common stock on a U.S. stock exchange from January 15, 2015 through March 14, 2016, inclusive, and were damaged thereby. Excluded from the Settlement Class are: (1) Defendants; (2) the officers and directors of the Company during the Class Period; (3) members of their immediate families; (4) their legal representatives, heirs, successors or assigns; (5) and any entity in which Defendants or PSG have or had a controlling interest. Also excluded from the Settlement Class are any putative Settlement Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement.

4.      With respect to the Settlement Class, the Court finds and concludes, for purposes of settlement only, that the prerequisites for class certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Lead Plaintiff's

claims are typical of the Settlement Class's claims; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any individual questions; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally appoints Lead Plaintiff as class representative for the Settlement Class, and finally appoints Cohen Milstein Sellers & Toll PLLC, previously appointed as Lead Counsel, as counsel for the Settlement Class.

6.      The notice of the pendency of the Action as a class action and of the proposed Settlement, including the Notice and Summary Notice, was given to all Settlement Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 and the Constitution of the United States (including the Due Process clause). Such notice constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons and entities entitled thereto.

7.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of their right to seek

4

to exclude themselves from the Settlement Class, of the Settlement and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Settlement Class Members who did not timely and properly elect to exclude themselves from the Settlement Class by written communication postmarked or otherwise delivered on or before the date set forth in the Preliminary Approval Order, the Notice and Summary Notice are bound by this Judgment. Those persons and entities who timely and properly requested to be excluded from the Settlement Class are set forth on Exhibit 1 annexed hereto.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement, as embodied in the Stipulation, is fair, reasonable and adequate, and in the best interests of the Settlement Class Members, including Lead Plaintiff. This Court further finds that the Stipulation, and the Settlement embodied therein, is the result of arms' length negotiations between experienced counsel representing the interests of the Settling Parties and that it was negotiated with the assistance of an experienced mediator. Accordingly, the Settlement as embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

10. The Court hereby finally approves the Settlement Fund as a Qualified Settlement Fund within the meaning of § 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-1.

11.     The Action and all claims asserted therein are dismissed with prejudice. The Settling Parties are to bear their own costs, except for the payments expressly provided for in the Stipulation.

12.     Upon the Effective Date, Lead Plaintiff and each Settlement Class Member, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Claims against the Released Defendants; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Defendants; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Defendants in respect of any Released Claim or any matter related thereto.

13.     Upon the Effective Date, each of the Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Defendants' Claims against the Released Plaintiffs; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or

entity who may claim any form of contribution or indemnity from any of the Released Plaintiffs in respect of any Released Defendants' Claim or any matter related thereto.

14.     Notwithstanding any of the releases above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Settlement, the Preliminary Approval Order, or this Judgment.

15.     The fact and terms of the Settlement, including the exhibits thereto, this Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

        a.      shall not be offered or received against the Released Defendants, Lead Plaintiff or the other Settlement Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Defendants or by Lead Plaintiff or the other Settlement Class Members with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Defendants;

        b.      shall not be offered or received against the Released Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Defendant, or against Lead Plaintiff or any of the other Settlement Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the other Settlement Class Members;

c.      shall not be offered or received against the Released Defendants, Lead Plaintiff or the other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement; provided, however, that if the Settlement is approved by the Court, the Released Defendants may refer to the Stipulation and the Settlement embodied therein to effectuate the protection from liability granted them thereunder;

d.      shall not be construed against the Released Defendants, Defendants' Counsel, Lead Counsel or Lead Plaintiff or the other Settlement Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

e.      shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Settlement Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16.     No Class Member shall have any claim against Lead Plaintiff, Lead Counsel, or against any of the Released Defendants or Defendants' Counsel based on the investments, costs, expenses, administration, allocations, payments, and distributions that are made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, this Judgment or further order of the Court.

17.     The Court finds that Released Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid the Settlement Amount to the Settlement Fund, in accordance with paragraph 2 of the Stipulation, and shall have no other obligation to make or cause to be made any payment to, or delivery of any thing of value to, the Settlement Fund.

18.     The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) implementation and enforcement of the Settlement embodied in the Stipulation; (b) the allowance, disallowance or adjustment of any Settlement Class Member's Claim on equitable grounds and any award or distribution of the Settlement Fund and/or Net Settlement Fund, including entry of a Class Distribution Order; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees and reimbursement of the Litigation Expenses incurred by Lead Counsel; (e) enforcing and administering this Judgment, including the releases entered herein; (f) enforcing and administering the Settlement; and (g) any other matters related or ancillary to the foregoing.

19.     A separate order has been proposed regarding Lead Counsel's application for an award of attorneys' fees and reimbursement of Lead Counsel's  Expenses. In addition, it is anticipated that separate Class Distribution Order(s) will be proposed for consideration by the Court. Such orders, if entered, shall not disturb or affect any of the terms of this Judgment and any appeal of or challenge to any such orders, or reversal or modification thereof, shall in no way disturb or affect the finality of the provisions of this Judgment or preclude the Effective Date of the Settlement from occurring or provide any Settling Party with any basis to terminate the Settlement.

20.     The Plan of Allocation submitted by Lead Counsel, as described in the Notice, is hereby approved as fair, reasonable and adequate. The approval of the Plan of Allocation, and any order or proceeding relating thereto, shall not disturb or affect any of the other terms of this Judgment. Any appeal of or challenge to, or reversal or modification of, the approval of the Plan of Allocation, and any order or proceeding relating thereto, shall in no way disturb or affect the finality of the other terms of this Judgment or preclude the Effective Date of the Settlement from occurring or provide any Settling Party with any basis to terminate the Settlement.

21.     In the event that the Effective Date of the Settlement does not occur or the Settlement is terminated pursuant to its terms, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Settling Parties shall be deemed to have reverted to their respective status in this Action immediately prior to April 6, 2021; and (c) any portion of the Settlement Amount previously paid into the Escrow Account, including, but not limited to, any funds disbursed in payment of attorneys' fees and Litigation Expenses, plus interest thereon at the same rate as would have been earned had those funds remained in the Escrow Account, less any amounts for Taxes paid or owing with respect to interest income and/or gains on the Settlement Amount and/or for Notice and Administration Costs actually incurred and paid or payable, shall be returned by Lead Counsel and/or the Escrow Agent to Defendants within fourteen (14) business days after written notification of such event by Defendants' Counsel to Lead Counsel, all as specified in paragraph 48 of the Stipulation.

22.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Settlement.

23.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: November 21, 2022

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

None.