USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/23/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

PLUMBERS & PIPEFITTERS NATIONAL
PENSION FUND, and JUAN FRANCISCO
NIEVES, as Trustee of the Gonzalez Coronado
Trust, Individually and on Behalf of All Others
Similarly Situated,

                Plaintiff,

  vs.

KEVIN DAVIS and AMIR ROSENTHAL,

                Defendants.

Case No.: 1:16-cv-3591-GHW

------------------------------------------------------------ X

## CLASS DISTRIBUTION ORDER

      Lead Plaintiff United Association National Pension Fund, f/k/a Plumbers and Pipefitters National Pension Fund ("Lead Plaintiff"), has moved for entry of a Class Distribution Order in the above-captioned class action (the "Action"). The Court, having considered the Unopposed Motion for Entry of Class Distribution Order and all materials and arguments submitted in support of the motion, including the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Decl.") on behalf of the Court-approved Claims Administrator, Strategic Claims Services ("SCS"), and the memorandum of law in support thereof, THE COURT ORDERS AS FOLLOWS:

      1.     This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (Dkt. No. 268) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Bravata Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. As set forth in the Bravata Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of SCS accepting those Claims set forth in Exhibits B-1 and B-2 are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E are approved.

4. As set forth in the Bravata Declaration, no Claim Forms submitted after July 13, 2023 may be accepted, and no further adjustments to Claim Forms received after August 16, 2023 that would result in an increased Recognized Loss amount may be made for any reason.

5. The distribution plan for the Net Settlement Funds as set forth in the Bravata Declaration and accompanying exhibits is approved. The balance of the Net Settlement Funds (less amounts to be withheld for potential tax liabilities and related fees and expenses) shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Bravata Declaration will irrevocably forfeit all recovery from the Settlement Funds.

6. Consistent with the Bravata Declaration, any balance remaining in the Net Settlement Funds six (6) months after the initial distribution of such funds shall be redistributed to Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation. The Claims Administrator, in consultation with Lead Counsel, will determine whether additional distributions to Authorized Claimants from any funds remaining after the initial

distribution would be cost-effective. If additional distributions are warranted, Lead Counsel will cause the Claims Administrator to distribute the remaining balance among Authorized Claimants, up to and until the balance remaining in the Net Settlement Funds is such that no further distributions would be cost-effective. Any distributions shall be conducted in accordance with the terms and conditions outlined in the Bravata Declaration.

7. If there are residual funds remaining in the Net Settlement Funds, and the Claims Administrator determines that no additional distributions are cost-effective, then the funds will be donated to a nonsectarian charitable organization(s) certified as tax-exempt under the U.S. Internal Revenue Code § 501(c)(3), to be designated by Lead Counsel.

8. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Funds, are barred from making any further claim against the Net Settlement Funds or the released persons beyond the amount allocated to them pursuant to this Order.

9. The Claims Administrator is authorized to discard paper or hard copies of the Claim Forms and supporting documents not less than one year after final distribution of the Net Settlement Funds to Authorized Claimants and electronic copies and supporting documents not less than three years after final distribution of the Net Settlement Funds to Authorized Claimants.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 304.

IT IS SO ORDERED.

Dated: August 23, 2023

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE